Brian Scott COLLINS *v*. STATE of Arkansas

CR 89-27                                           769 S.W.2d 402

Supreme Court of Arkansas
Opinion delivered April 10, 1989

*Jerome J. Paddock*, for appellant.

*Steve Clark,* Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

DAVID NEWBERN, Justice. On January 4, 1988, the appellant, Brian Scott Collins, was adjudicated a delinquent child and was committed to the care of the Division of Children and Family Services. The commitment was, however, suspended for two years. Collins was ordered to appear on September 7, 1988, to respond to a petition to revoke the suspension. He failed to appear but was brought before Juvenile Referee Thomas A. Martin on September 9, 1988. The abstract submitted by Collins shows that the referee made the following statement at the conclusion of the

hearing:

> I am revoking your suspended sentence and recommending to Judge McCorkindale that you be committed to the boy's training school for a term of nine (9) months. That order will be entered shortly and you will be transported.

Collins argues two points. First, he contends the referee lacked authority because he had not been appointed by both the circuit judge and the probate judge to hear juvenile cases. Second, he contends the appointment of a juvenile referee pursuant to Act 14 of 1987 violates the requirements of Ark. Const. art. 7. The second point is valid and sufficient to dispose of the appeal, therefore, we need not address the first point.

Our understanding of the referee's remark quoted above is that there was no doubt he was exercising the authority of the circuit judge in this case, even though the judge may have signed the final order. The referee purported to revoke the suspension personally and said he would recommend commitment, and then he said "[t]hat order will be entered shortly and you will be transported." Just as in our recent decision in *Hutton* v. *Savage*, 298 Ark. 256, 769 S.W.2d 394 (1989), where we found the acts of the referee were unconstitutional in that they exceeded any authority which could possibly be given to a probate master or referee, we find the referee here was acting in an unconstitutional excess of any authority which could have been conferred upon him by the circuit court.

While the order pursuant to which Mr. Martin was appointed juvenile referee does not appear in the abstract, the state apparently concedes that the appointment was made pursuant to Act 14. Its main argument on this point is that Mr. Martin's appointment was proper because it was permitted by Act 14 which, the state argues, is not unconstitutional.

The issue is whether the scheme of Act 14, and particularly § 6 of the act, for appointment of juvenile referees to act under the auspices of the circuit and probate courts violates Ark. Const. art. 7 by permitting assignment of judicial powers on a permanent basis to someone other than the courts created or authorized to be created by art. 7. We answered that question in *Hutton* v. *Savage*,

*supra.* That decision involved a master acting pursuant to an order of a probate court. We held that appointment of a master pursuant to Act 14 amounted to the creation of a substitute judge in violation of Ark. Const. art. 7, § 34, which provides that the probate judge is to try issues of law and fact within the jurisdiction of the probate court. We noted that "a similar conflict arises" with respect to the circuit courts. We wrote:

> Additionally, § 6 of Act 14 of 1987 impermissibly authorizes circuit and probate judges to appoint masters or referees to hear juvenile cases with such powers as may be granted by the circuit and probate judges and purports to vest those masters or referees with all the powers and authority of the judges. As such, § 6 of Act 14 of 1987 is unconstitutional.

We hold that the act of the referee in this case was in excess of the authority which may properly be delegated to a master, *see* Ark. R. Civ. P. 53, and that it was not cured by § 6 of Act 14 of 1987 which we have held to be unconstitutional and void to the extent it permits referees or masters to be substitute judges.

Reversed and remanded.